IN THE UNITED STATES DISTRCT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:25-mj-568 |
| | ) | |
| ROBERT THOMAS PECK III | ) | |
| Defendant. | ) | |
| _____ | ) | |

MOTION TO CORRECT JUDGMENT

Robert T. Peck, through counsel, pursuant to Federal Rule of Criminal Procedure 35(a), moves the Court to correct the judgment issued on January 7, 2026, following his sentencing hearing on January 6, 2026. ECF No. 41 & 42. Specifically, Mr. Peck moves this Court to correct special condition 6 in the judgment that broadly bans "all contact, directly or indirectly, with Ruth Peck" until the Court receives an anger management and mental health assessment, as the written conditions fails to comport with the oral pronouncement of the sentence. ECF No. 42 at 5.

If a conflict exists between the judgment and the oral sentence, the oral pronouncement is controlling. *United States v. Morse*, 344 F.2d 27, 31 FN 1 (4th Cir. 1965). The proper remedy for such a conflict is for the "District Court to correct the written judgment so that it conforms with the sentencing court's oral pronouncements." *Id. (citing, Rakes v. United States*, 309 F.2d 686 (4th Cir. 1962), & Fed. R. Crim. P. 35(a)). Federal Rule of Criminal Procedure 35(a), that allows a

1

sentencing to Court to "correct a sentence that resulted from arithmetical, technical, or other clear error[,]" provides an avenue to rectify such an error.

At the sentencing hearing on January 6, 2026, this Court stated that Mr. Peck should not have any contact with Mrs. Peck "other than what has already been established through pretrial until the Court receives a mental health assessment from you or from probation. In other words, the manner in which you and Mrs. Peck are exchanging custody will stay in place…" Upon a query from counsel, after counsel noted that pretrial permitted the Peck's to communicate with a third party on the line, *see* ECF No 17, but that the Alexandria Detention Center ("ADC") did not permit 3-way calls, the Court granted Mr. Peck permission to speak directly with his wife while incarcerated at the ADC.

The judgement issued a day later does not comport with the oral pronouncement of sentence. *See* ECF No. 42. It broadly bans any direct or indirect contact with Mrs. Peck until the Court receives both a mental health evaluation and anger management assessment. *Id*. As pronounced by the Court at the sentencing hearing, the special condition should allow Mr. Peck to communicate with Mrs. Peck and exchange custody of their child consistent with the pretrial release conditions, ECF No. 17, with the caveat that Mr. Peck and Mrs. Peck are allowed to speak on the phone, directly, while he is incarcerated.

To that end, Mr. Peck moves this Court to correct the judgment and issue a new judgment modifying special condition 6 to conform with the Court's oral pronouncement of the special condition. *See United States v. Bullis,* 122 F.4th 107,

2

117 (4th Cir. 2024) ("a material discrepancy between written and orally articulated discretionary conditions of supervision violates a criminal defendant's right to be present for sentencing.").

Dated: January 15, 2026.

                                              Respectfully Submitted,

/s/ Lauren E. S. Rosen
Lauren E. S. Rosen
VA Bar No: 98540
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0800
(703) 600-0880 (fax)
Lauren_Rosen@fd.org